

**SERVICE INSURANCE COMPANY**
*of Alabama*
Division of LIBERTY NATIONAL LIFE INSURANCE CO.
Birmingham, Alabama

**FUNERAL POLICY**

WEEKLY PREMIUMS PAYABLE FOR 12 YEARS

BENEFIT FOR ACCIDENTAL DEATH

NONPARTICIPATING INDUSTRIAL POLICY

## SCHEDULE

| NAME OF INSURED | BENEFICIARY | PREMIUMS PAYABLE | TYPE 330 |
|---|---|---|---|
| VOID · SEE ENDORSEMENT E | WILLIAMS SPENCER | WK | 330 |

| POLICY NUMBER | DATE OF ISSUE (MO. DAY YR.) | AGE LAST BIRTHDAY AT DATE OF ISSUE | (CENTS) WEEKLY PREMIUM | RETAIL VALUE | DISTRICT | AGENCY |
|---|---|---|---|---|---|---|
| 1 4 7 5 8 5 5 1 | 11  24  69 | 4 2 | 0 3 6 | $300 | ~~212~~  36 | ~~15~~  37 |

330-7-67-5300

*For death prior to age ten, the retail value is a reduced amount providing comparable benefits.



# REGISTER OF CHANGE OF BENEFICIARY

NOTE—NO CHANGE, DESIGNATION OR DECLARATION, SHALL TAKE EFFECT UNTIL ENDORSED ON THIS POLICY BY THE COMPANY AT ITS HOME OFFICE.

| DATE ENDORSED | BENEFICIARY | ENDORSED BY |
|---|---|---|
| The company endorsement shall take effect only if the policy is in force as of DATE 7-3-78 | | |
| NAME OF INSURED CHANGED TO Fannie W. Mc[illegible] | | |
| LIBERTY NATIONAL LIFE INSURANCE CO. by | | |
| SECRETARY | | |
| Approved by | | |
| | | |

Service Insurance Company of Alabama, Division of Liberty National Life Insurance Company, having discharged each and every obligation and liability set forth and stipulated herein, the undersigned beneficiary under this policy hereby surrenders the said policy and certifies that there is held against the said company no further claims hereunder.

WITNESS ____________________ BENEFICIARY ____________________

Dated at ____________________ this ________ day of ____________________, 19____

## LIBERTY NATIONAL LIFE INSURANCE COMPANY
### BIRMINGHAM, ALABAMA

## PAID-UP POLICY CERTIFICATE

| NAME OF INSURED | TYPE | POLICY NO. | ISSUE DATE | | | DISTRICT | BRANCH | AGE AT ISSUE | PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | | | MO. | DAY | YR. | | | | |
| MC CONNELL  FANNIE  W | 330 | 14750551 | 11 | 24 | 69 | 36 | 25 | 42 | 36 |

Fannie McConnell
P. O. Box 208
Collinsville, Al. 35961

THIS CERTIFICATE SHOULD BE
ATTACHED TO THE POLICY
IT DESCRIBES

SEE REVERSE SIDE

OVERPAYMENT OF PREM.

****$****  4/9

THIS IS TO CERTIFY THAT THE POLIC
ABOVE IS NOW PAID-UP FOR LIFE.
PREMIUMS WILL BE DIS...

LIBERTY NATIONAL LIFE INS...

**D**



DEC-08 '99 WED 09:09 AM    WATSON, FEES, & JIMMERSON    FAX NO. 1 256 536 2689    P. 15

SCHEDULE

| POLICY NUMBER | NAME OF INSURED | BENEFICIARY | TYPE |
|---|---|---|---|
| 15153C77 | WILLIAMS MITCHELL | WILLIAMS MITCHELL | 597.B97 |
| | | | 597 |

| Month Day Year DATE OF ISSUE | AGE | PREMIUM | AMOUNT OF INSURANCE | Month Day Year LAST PREMIUM PAYABLE | AGENCY | DISTRICT |
|---|---|---|---|---|---|---|
| 6 29 1970 | 42 | 5.12 WEEKLY | 00 | 5 15 1997 | .15 | 712 |

** Amount of insurance benefits shown on page one.

36 - 37

The following endorsement shall take effect
only if the policy is in force as of
DATE _7-3-78_
NAME OF INSURED CHANGED TO
_Earnise W. McDaniel_
LIBERTY NATIONAL LIFE INSURANCE CO.

by _Dr. L. Burleson_

Approved by _W H Benton_
SECRETARY

52
12
104
52
12 ) 624 ( 52 per month
60
24

—4—

DEC-08 '99 WED 09:03 AM   WATSON,FEES,& JIMMERSON      X NO. 1 256 536 2369          P. 16

## ACCIDENT POLICY

# LIBERTY NATIONAL
## LIFE INSURANCE COMPANY

### BIRMINGHAM, ALABAMA

**INSURANCE BENEFITS**—We, Liberty National Life Insurance Company, enter into this agreement with you, the insured named in the schedule on Page 4. Beginning with the date of issue shown in the schedule we insure you for the amounts shown in the table below if premiums are paid as provided under "Premiums." Terms used in the table are defined in the following paragraphs.

| TABLE OF INSURANCE BENEFITS | | | |
|---|---|---|---|
| | BENEFIT PAYABLE | | |
| BENEFIT FOR | First Policy Year | From Second Policy Year Until Policy Anniversary Preceding 65th Birthday | Thereafter Until Policy Anniversary Preceding 70th Birthday |
| Accidental Death | $1,000 | $2,000 | $1,000 |
| Death by Travel Accident | 3,000 | 6,000 | 3,000 |
| Loss of Eyesight | 2,500 | 5,000 | 2,500 |
| Loss of One Limb | 1,000 | 2,000 | 1,000 |
| Loss of Two or More Limbs | 2,500 | 5,000 | 2,500 |

On the anniversary of the date of issue immediately preceding your 70th birthday this policy will terminate and cease to be in force.

**ACCIDENTAL DEATH**—Accidental death means death which is caused solely and directly by accidental injury and occurs within 90 days of such injury. Accidental injury means bodily injury effected solely through external and accidental means. No benefit for accidental death will be payable if death results directly or indirectly from any disease, illness, or infirmity or medical or surgical treatment therefor or from any of the "Exclusions from Coverage" listed below or if a benefit is payable under the provisions relating to "Death by Travel Accident" or "Loss of Eyesight or Limb."

**DEATH BY TRAVEL ACCIDENT**—Death by travel accident means death for which the accidental death benefit would otherwise be payable but which results from injuries sustained while you are a fare-paying passenger in a streetcar, bus, taxicab, train, airplane, steamship, or other vehicle operated as a public conveyance by a licensed common carrier for the transportation of passengers, or while you are a passenger in a school bus which is being operated during the regular session of a recognized public or private school for the transportation of students to or from school or to or from any organized school extracurricular activity.

**LOSS OF EYESIGHT OR LIMB**—Loss of eyesight means the total and irrecoverable loss of the entire sight of both eyes. Loss of a limb means the loss of a hand or foot by severance. Any loss must be caused solely by disease or injuries sustained after the date of issue and you must survive the loss by at least 30 days. The maximum cumulative benefit payable under this provision is $5,000.

The payment of any benefit under this provision shall terminate this Policy.

**EXCLUSIONS FROM COVERAGE**—This policy does not provide a benefit for any loss caused or contributed to by:

(1) suicide while sane, or self-destruction or any attempt thereat while insane, or injuries intentionally inflicted upon yourself, whether sane or insane,

(2) injuries intentionally inflicted upon you by any person unless such person was in the course of committing a robbery or burglary or an attempt thereat,

(3) participating in an assault or felony,

(4) operating or riding in or descending from any kind of aircraft of which you were the pilot, officer, or member of the crew, or in which you were giving or receiving training or instruction or had any duties,

(5) war or act of war (including insurrection, undeclared war, and armed aggression or its resistance), whether or not you are in military service of any country or international organization.

Benefit for Death by Accidental Means
Benefit for Death by Travel Accident
Benefit for Loss of Eyesight or Limb
Premiums Payable Until Policy Anniversary Immediately Preceding Insured's 70th Birthday
This Policy is Noncancellable and Guaranteed Renewable Until the Policy
Anniversary Immediately Preceding Insured's 70th Birthday

NONPARTICIPATING INDUSTRIAL POLICY

DEC-08 '99 WED 09:10 AM   WATSON, FEES, & JIMMERSON      X NO. 1 256 536 2689      P. 17

**PREMIUMS**—The consideration for this policy is the payment of the premiums when they are due, and no insurance will become effective until the first premium has been paid. Premiums under this policy are payable either weekly or monthly as specified in the schedule on page 4 in the amount shown in the schedule. If premiums are payable weekly, they are due each Monday beginning with the date of issue; if payable monthly, they are due on the first of each month beginning with the date of issue. Premiums are payable until the policy anniversary immediately preceding the insured's 70th birthday. Premiums must be paid to one of our agents or to the cashier at one of our offices. If our agent does not call for any premium when it is due, payment of the premium is not excused, and in such case it is your responsibility to see that the payment is made at one of our offices.

**POLICY CONTROL**—If you are over 16 years of age, you have the entire ownership and control of this policy. If you are less than 16 years of age, the ownership and control of this policy will be vested in the beneficiary named herein from time to time until you reach your 16th birthday. In such case, if the beneficiary should die or cease to have custody and control of you, then ownership and control of this policy will be vested in the parent or legal guardian or other adult having custody and control of you. The ownership and control of this policy includes the right to change the beneficiary and to exercise all other privileges granted in this policy.

**ENTIRE CONTRACT**—This policy, including any endorsements and attached papers, is the entire contract between us. None of its provisions may be waived or changed except by written endorsement on this policy or on paper attached to this policy signed by the President, a Vice-President, the Secretary, an Assistant Vice-President, or an Assistant Secretary of the Company. No agent has authority to change this policy or to waive any of its provisions.

**INCONTESTABILITY**—After this policy has been in force for a period of two years during the lifetime of the insured, it shall become incontestable as to the statements contained in the application. No claim for loss incurred commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage under this policy.

**GRACE PERIOD**—A grace period of 4 weeks (or 31 days if premiums payable monthly) will be granted for the payment of each premium falling due after the first premium during which period this policy shall continue in force.

**REINSTATEMENT**—If any renewal premium is not paid within the time granted to you for paying the same, a subsequent acceptance of all premiums due and unpaid for a period not exceeding 8 weeks prior thereto by us or by any agent duly authorized by us to accept such premiums, shall reinstate this policy; provided, however, that if such agent requires, or if we require an application for reinstatement and a conditional receipt for the premium tendered is issued by us or by our agent, this policy will be reinstated upon our approval of such application, or, upon the forty-fifth day following the date of such conditional receipt unless we have previously notified you in writing of our disapproval of such application. The reinstated policy shall cover only death or other loss covered by this policy resulting from such accidental injury as may be sustained after the date of reinstatement and loss due to such diseases which may begin more than 10 days after such date. In all other respects, you and we shall have the same rights as provided under this policy immediately before the due date of the defaulted premium, subject to any provisions endorsed hereon or attached hereto in connection with the reinstatement.

**NOTICE OF LOSS**—Written notice of loss must be given to us within thirty days after your accidental death or other loss covered by this policy; or as soon thereafter as is reasonably possible. Notice given to us by you or on your behalf or on behalf of the beneficiary at our Home Office in Birmingham, Alabama, or to one of our authorized agents, with information sufficient to identify you, shall be notice to us.

**CLAIM FORMS**—Upon receipt of notice of loss we will furnish to the claimant such forms as are usually furnished for filing claims. If such forms are not furnished within fifteen days after giving such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in this policy for filing proofs of loss, written proof covering the occurrence, and the character of the death or loss for which claim is made.

DEC-0P '99 WED 09:10 AM  WATSON, FEES, & JIMMERSON    X NO. : 256 696 2369    P. 18

**PROOF OF LOSS**—In the event of accidental death or death by travel accident written proof of loss must be furnished to us at our Home Office within 90 days after the date of such loss. In the event of loss of eyesight or limb written proof of loss must be furnished to us at our Home Office within one year after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to furnish proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

**PAYMENT OF INSURANCE BENEFITS**—As soon as we receive due proof of loss covered by this policy we will immediately pay the benefit provided. Any benefit for loss of life will be paid to the beneficiary designated in this policy at the time of payment. If no such designation is then effective, or if the beneficiary does not survive you, such benefit will be paid to your estate. Any other accrued benefit unpaid at your death, may, at the option of the Company, be paid either to the beneficiary or to your estate. All other benefits provided by this policy will be paid to you.

**PHYSICAL EXAMINATIONS**—We shall have the right and opportunity, at our own expense, to examine your person when and as often as we may reasonably require during the pendency of a claim hereunder.

**LEGAL ACTION**—No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss required by this policy has been furnished. No such action shall be brought after the expiration of four years from the time written proof of loss is required to be furnished.

**BENEFICIARY**—The original beneficiary of this policy is named in the schedule on Page 4. You may change the beneficiary at any time by giving us written notice of the desired change and evidence satisfactory to us that the proposed beneficiary has an insurable interest in your life. No change of beneficiary will be effective until we have endorsed it on this policy.

**AGE LIMIT**—The insurance granted hereunder shall not cover any person over sixty years of age on the date of issue of this policy, unless we accept premiums with the knowledge that the person is over sixty years of age.

**MISSTATEMENT OF AGE**—Where there is a misstatement of your age as shown in the schedule on Page 4, the coverage provided by this policy shall not become effective if, according to your correct age, you were over 60 years of age on the date of issue. This policy shall terminate on the anniversary of the date of issue immediately preceding your 70th birthday. In the event your age has been misstated and if, according to your correct age, the coverage provided by this policy would not have become effective, or would have ceased prior to the acceptance of such premium or premiums, then the liability of the Company shall be limited to the refund, upon request, of all premiums paid for the period not covered by this policy.

If your age has been misstated, but if according to your correct age on the date of issue the coverage provided by this policy would have become effective, all amounts payable under this policy shall be such as the premium paid would have purchased at the correct age.

**OPTION TO SURRENDER**—If the provisions of this policy are not satisfactory, you may surrender it to us for cancellation within two weeks from the date of issue. If this is done, we will refund all premiums which have been paid on this policy.

**ASSIGNMENT**—You may not assign this policy or any of its benefits.

**CONFORMITY WITH STATE STATUTES**—Any provision of this policy which, on its date of issue, is in conflict with the statutes of the state in which you reside on such date is hereby amended to conform to the minimum requirements of such statutes.

*Signed at Birmingham, Alabama by the President and Secretary of Liberty National Life Insurance Company as of the date of issue shown in the schedule on Page 4.*

Jas. L. Burleson
SECRETARY

Frank P. Samford, Jr.
PRESIDENT

387—4-67

E

DEC-08-1999 WED 09:11 AM    ATSON, FEES, & JIMMERSON    FAX NO.    58 956 2669    P. 20



SERVICE INSURANCE COMPANY
OF ALABAMA
FUNERAL POLICY

ISSUED BY
LIBERTY NATIONAL LIFE INSURANCE COMPANY
Birmingham, Alabama

FUNERAL POLICY

WHOLE LIFE INSURANCE

(BENEFIT GRADED FOR DEATH OF INSURED UNDER AGE 31 DAYS)

PREMIUMS PAYABLE UNTIL POLICY ANNIVERSARY IMMEDIATELY PRECEDING INSURED'S 65TH BIRTHDAY

ADDITIONAL BENEFIT FOR ACCIDENTAL DEATH
ADDITIONAL BENEFIT FOR DEATH BY AUTOMOBILE ACCIDENT.
ADDITIONAL BENEFIT FOR DEATH BY TRAVEL ACCIDENT
ADDITIONAL BENEFIT FOR LOSS OF EYESIGHT OR LIMB

NONPARTICIPATING INDUSTRIAL POLICY

## SCHEDULE

TYPE
32/82

| POLICY NUMBER | NAME OF INSURED | BENEFICIARY | |
|---|---|---|---|
|  | MCCONNELL FANNIE | MCCONNELL JAMES |  |

| DATE OF ISSUE | AGE | PREMIUM | †AMOUNT OF FUNERAL BENEFIT | Month Day Year LAST PREMIUM PAYABLE | AGENCY | DISTRICT |
|---|---|---|---|---|---|---|
|  |  | WEEKLY |  |  |  |  |

†If the named insured is under age 31 days at death, the Funeral Benefit will be one-half of the amount shown above.



## FUNERAL SERVICE AGREEMENT

AUTHORIZED FUNERAL DIRECTOR—We have entered into agreements with various Funeral Directors for the furnishing of funeral merchandise and service in return for the Funeral Benefit payable under this policy. Such Funeral Directors are referred to herein as "Authorized Funeral Directors." Wherever the term "Authorized Funeral Director" is used, it means a Funeral Director under contract ... the names and addresses of all Authorized Funeral Directors.



LIBERTY NATIONAL LIFE INSURANCE COMPANY
BIRMINGHAM, ALABAMA

## PAID-UP POLICY CERTIFICATE

| NAME OF INSURED | TYPE | POLICY NO. | ISSUE DATE | | | DISTRICT | AGENCY | AGE ISSUE | PREMIUM | DATE PAID TO | | | PAYOUT DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | MO. | DAY | YR. | | | | | MO. | DAY | YR. | MO. | DAY | YR. |
| MCCONNELL  FANNIE  W | 32B | 21460692 | 5 | 13 | 74 | 67 | 32 | 46 | 4/24 | 4 | 1 | 92 | 4 | 1 | 92 |

Fannie McConnell
P. O. Box 208
Collinsville, AL  35961

**********   **

THIS IS TO CERTIFY THAT THE POLICY DESCRIBED
ABOVE IS NOW PAID-UP FOR LIFE AND NO MORE
PREMIUMS WILL BE DUE.
LIBERTY NATIONAL LIFE INSURANCE CO.

*William E. Bowl*
SECRETARY*

THIS CERTIFICATE SHOULD BE
ATTACHED TO THE POLICY
IT DESCRIBES

*SEE REVERSE SIDE *

M-3. Ed. 12-85

F

BURIAL POLICY

SERVICE of Alabama

INSURANCE COMPANY

BIRMINGHAM, ALA.

PREMIUMS PAYABLE FOR 15 YEARS

READ YOUR POLICY

AUTHORIZED UNDERTAKER

DUPLICATE

## SCHEDULE

DUPLICATE

| NAME OF INSURED | | | | | BENEFICIARY | | | TYPE POLICY | |
|---|---|---|---|---|---|---|---|---|---|
| WILLIAMS SPENCER | | | | | WILLIAMS FANNIE K | | | F | F |

| 2341929 | 4 | 5 | 65 | 17 | $.19 WK | $300.00 | 36 | 20 |
|---|---|---|---|---|---|---|---|---|
| POLICY NUMBER | MO. | DAY | YR. | AGE* | (CENTS) WEEKLY PREMIUM | RETAIL VALUE (ADULTS) | DIST. | DEBIT |
| | DATE OF ISSUE | | | | | | | |

*INSURED'S AGE NEXT BIRTHDAY

## REGISTER OF CHANGE OF BENEFICIARY

—NO CHANGE, DESIGNATION OR DECLARATION, SHALL TAKE EFFECT UNTIL ENDORSED ON THIS POLICY BY THE COMPANY AT ITS HOME OFFICE.

| DATE ENDORSED | BENEFICIARY | ENDORSED BY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Service Insurance Company of Alabama having discharged each and every obligation and liability set forth and stipulated herein, the undersigned beneficiary under this policy hereby surrenders the said policy and certifies that there is held against the said company no further claims hereunder.

_____    _____
WITNESS    BENEFICIARY

Dated at_____ _____ _____this_____day of_____ 19____

DEC-08-1999 WED 09:13 AM   WATSON, FEES, & JIMMERSON   FAX NO. 1 256 538 2899   P. 24

# SERVICE INSURANCE COMPANY of Alabama

Will upon receipt of satisfactory proof of the death of the Insured and the surrender of this Policy provide, subject to the terms and conditions of this Policy, a funeral for the Insured of the retail value shown in the schedule.

**CONSIDERATION**—This Policy is issued in consideration of payment in advance of the weekly premium stated in the schedule on the fourth page of this Policy on or before each Monday in every year during the lifetime of the Insured until premiums shall have been paid for fifteen years, or until prior death of the Insured. Provided, however, that if the Insured is 66 years of age or over the Premium Paying Period shall be as follows:

Age at Date of Issue.

| | | |
|---|---|---|
| Age 66 through age 70, | ......... ......... | Premiums Payable for 12 Years |
| Age 71 through age 75, | ......... ......... | Premiums Payable for 10 Years |
| Age 76 through age 80, | ......... ......... | Premiums Payable for 8 Years |
| Age 81 through age 85, | ......... ......... | Premiums Payable for 6 Years |
| Age 86 and over | ......... ......... | Premiums Payable for 5 Years |

The amount on which reserve is maintained and computed under this Policy is 40% of the retail value stated in this Policy or the average wholesale cost to the Company of the funeral supplies, benefits and services furnished if the same is greater than 40% of such retail value. Reserves shall be computed on the basis of the 1941 Standard Industrial Table of Mortality, Modified Preliminary Term, Illinois Standard, and interest at 3½% per annum.

**ALTERATION AND WAIVERS**—This Policy contains the entire agreement between the Company and the Insured. Its terms cannot be changed or its conditions varied, except by a written agreement, signed by the President or Secretary of the Company. No other person shall have the power to make or alter contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks, or to receipt for the same, and all such arrears given to an agent or employee shall be at the risk of those who pay them and shall not be credited upon the Policy, whether receipted or not, except as set forth in the "Reinstatement" provision herein.

**CONDITIONS AND PROVISIONS**—This Policy is issued and accepted subject to all of the terms, conditions, provisions, schedules, registers and endorsements printed or written by the Company on this or the succeeding pages hereof, which are a part of this Policy as fully as if recited over the signatures hereto affixed.

**PREMIUMS PAYABLE OTHER THAN WEEKLY**—The premium stated in the schedule of this Policy is a Weekly Premium. However, if an Annual Premium (52 weeks) is paid in advance at one time, such Annual Premium shall be calculated by multiplying the stated Weekly Premium by 46.8. If a Semi-Annual Premium (26 weeks) is paid in advance at one time, such Semi-Annual Premium shall be calculated by multiplying the Weekly Premium stated by 24.7.

**PREMIUM PAYING PERIOD**—The premium paying period shall begin with the date of issue and continue until premiums shall have been paid for the period stated in the above paragraph headed "Consideration."

**EFFECTIVE DATE**—This Policy shall take effect on its date of issue, provided the Insured is then alive and in sound health, but not otherwise.

**GRACE PERIOD**—A grace period of four weeks shall be granted for the payment of every premium after the first during which time this Policy will remain in force subject to the terms hereof, but after the expiration of the said period of grace the Company's liability under this Policy shall cease except as to the Non-Forfeiture privileges herein contained.

**REINSTATEMENT**—If this Policy shall lapse for non-payment of premium, it may be reinstated upon written application of the Insured accompanied by this Policy within one year from the date to which premiums have been duly paid, upon payment of all arrears, provided evidence of insurability of the Insured, satisfactory to the Company, be furnished, and such reinstatement shall not be effective until the date on which approval thereof is endorsed by the Company on this Policy and unless the Insured is then alive and in sound health.

IN WITNESS WHEREOF, The Company has caused this Policy to be executed by its President and Secretary at its Home Office in Birmingham, Alabama, as of the date of issue appearing in the schedule on page four hereof.



L. Burleson
SECRETARY

PRESIDENT

BURIAL POLICY.
PREMIUMS PAYABLE 15 YEARS.

WHEREVER IN THIS POLICY THE WORDS "RETAIL VALUE" ARE USED REFERENCE IS THEREBY MADE TO THE RETAIL PRICES OF THE COMPANY'S AUTHORIZED FUNERAL DIRECTORS

(1) The Company has contracted with and thereby appointed as an authorized funeral director the funeral director designated in this Policy and the Insured by the acceptance of this Policy confirms such appointment. Wherever the phrase "authorized funeral director" is used, it means a funeral director then under contract with this Company to furnish the merchandise and service at the time of the Insured's death.

(2) The provisions of this Policy relating to the providing of funeral merchandise and the rendering of funeral services are to be fulfilled by the Company through an authorized funeral director only and are not to be construed as implying that such funeral merchandise and funeral service will be furnished by anyone except an authorized funeral director.

(3) The authorized funeral director has contracted to keep on display at all times the funeral merchandise stipulated in and provided by this Policy and the selection of same may be made by the Insured hereunder, the beneficiary or by any other person having the authority.

(4) BENEFITS WHERE DEATH OCCURS WITHIN THIRTY-FIVE MILES OF AN AUTHORIZED FUNERAL DIRECTOR.

If death occurs within thirty-five miles of an authorized funeral director the Company will through the facilities and in the manner referred to above, provide a funeral for the Insured of the retail value stipulated herein consisting of a casket, merchandise, and services as follows:

  (A) If the Insured is twelve years of age or older at death, a funeral of the retail value of $300, and if the insured is under the age of twelve years at death, a funeral of the retail value proportionate to the age of the deceased insured;

  (B) A place where funeral, memorial, or other services may be held and such assistance as is proper in conducting the funeral; such services to be conducted either at the church, funeral parlor, home of the deceased, or other place designated by the beneficiary or other person having the authority;

  (C) Embalming of body, suit or dress, use of one family car, and hearse service for the body to the cemetery, if desired, provided burial is within thirty-five (35) miles of place of death, or, if burial is not desired within the said thirty-five (35) miles the Company will convey the body to the depot and pay actual railway transportation thereon to any point within the United States;

  (D) In the event the body is shipped to a point served by an authorized funeral director the Company will through such authorized funeral director furnish hearse service for a distance not to exceed thirty-five (35) miles from such point.

If the services of the authorized funeral director are not used, then the sole liability of the Company is limited to the furnishing through its authorized funeral director of the casket stipulated above in this Paragraph No. (4).

The Company will through the facilities and in the manner referred to above provide for a stillborn child, or a child under the age of four weeks, who dies within thirty-five (35) miles of an authorized funeral director a casket of the retail value of $15 provided both parents and child are insured under burial policies with the Company and that such policies are in full force and effect at the date of such birth or death.

(5) BENEFITS WHERE DEATH OCCURS MORE THAN THIRTY-FIVE MILES FROM AN AUTHORIZED FUNERAL DIRECTOR.

If the death of the Insured occurs more than thirty-five (35) miles from an authorized funeral director, the Company will, in lieu of the benefits set out in Paragraph No. (4) and upon receipt of due proof of the death of the insured, pay to its Home Office in Birmingham, Alabama, to the beneficiary named herein or to the person making arrangements for and becoming obligated to pay the burial expenses of the deceased insured, the sum of $137.50 in cash if the Insured is over one year of age, and if the Insured is under the age of one year, the sum of $68.75 in cash.

(6) POLICY CONTROL—If the Insured hereunder is a minor, during the minority of such Insured, the right to change the beneficiary and exercise all of the rights of ownership under this Policy shall be vested in the beneficiary named herein from time to time; or if such beneficiary dies before the Insured, then such rights shall be vested in the surviving parent of the Insured, or in the legal guardian of the Insured, or in any adult having the custody and control of said minor. After the Insured becomes of age, the entire ownership and control of this Policy shall be vested in the insured.

(7) CHANGE OF BENEFICIARY—The beneficiary under this Policy may be changed from time to time by the person entitled to exercise the Policy Control. Such change shall become operative only when this Policy, accompanied by such form of request as the Company may require, has been surrendered to the Company at its Home Office and the Company has endorsed the change of beneficiary on this Policy.

(8) PAYMENT OF PREMIUM—All premiums are payable at the Home Office of the Company weekly in advance, but may be paid to an authorized representative of the Company, provided that such payment must be entered at the time in the premium receipt book belonging with this Policy. The failure of the collector to call for the premium on the Policy will not be an excuse for non-payment as the Insured will then be required to pay the premium at a Branch Office of the Company or remit the same to the Home Office.

(9) ASSIGNMENT—Neither this Policy, nor any benefit hereunder can be assigned.

(10) NON-FORFEITURE BENEFITS

Extended Insurance—In the event this Policy lapses after premiums have been paid for the respective periods shown in the table below this Policy shall be automatically continued in force as Extended Insurance for the number of months specified in such table and from the due date of the first premium in default.

Cash Surrender Value—After this Policy has been in force with premiums paid for the respective periods shown in the table below, the Insured may, by making written application and surrendering this Policy to the Company, obtain its Cash Surrender Value. If the application therefor is made within thirteen weeks of the due date of the first premium in default, the amount of such Cash Surrender Value shall be as set out in the table below; otherwise the amount shall be the equivalent of the reserve on the Extended Insurance at the date application therefor is made. The Company may defer the payment of any Cash Surrender Value for the period permitted by law, but not to exceed thirteen weeks from the date application therefor is received by the Company.

—2—

## TABLE OF NON-FORFEITURE BENEFITS

| No. of Yrs. Premium Paid | 5 Years | | 6 Years | | 7 Years | | 8 Years | | 9 Years | | 10 Years | | 11 Years | | 12 Years | | 13 Years | | 14 Years | | 15 Years | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Age at Issue | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B | Extended Insurance Mos. A | Cash Value B |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

*Premiums must have been paid on this Policy for the number of years indicated in the first line of the foregoing table to obtain the benefits indicated. See paragraph

—3—

F-6-35

DEC-08 1999 WED 09:15 AM   WATSON, FEES, & JIMMERSON   FAX NO. 1 256 536 2689   P. 27



G



**SERVICE INSURANCE COMPANY**
*of Alabama*

Division of LIBERTY NATIONAL LIFE INSURANCE CO.
Birmingham, Alabama

**FUNERAL POLICY**

WEEKLY PREMIUMS PAYABLE FOR 12 YEARS

BENEFIT FOR ACCIDENTAL DEATH

NONPARTICIPATING INDUSTRIAL POLICY

SCHEDULE

| NAME OF INSURED | BENEFICIARY | | PREMIUM PAYABLE | TYPE 330 |
|---|---|---|---|---|
| ILLIAMS SPENCER | WILLIAMS FANNIE | | WK | 15 |

| DATE OF ISSUE | | | AGE LAST BIRTHDAY DATE OF ISSUE | (CENTS) WEEKLY PREMIUM | RETAIL VALUE | DISTRICT | AGENCY |
|---|---|---|---|---|---|---|---|
| MO. 11 | DAY 24 | YR. 69 | 21 | 023 | $300 | 712 | |

POLICY NUMBER: 147 50 553

ath prior to age ten, the retail value is a reduced amount providing comparable benefits.



ITY NATIONAL LIFE INSURANCE COMPANY
BIRMINGHAM, ALABAMA

PAID-UP POLICY CERTIFICATE

DATE 11 28 61

| NAME OF INSURED | TYPE | POLICY NO. | ISSUE DATE | | | FACE | | PREMIUM | RATE PAID TO | | | PAID-UP DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | MO. | DAY | YR. | | | | YRS. | DAY | YR. | MO. | DAY | YR. |
| HS  NGTA  A | 330 | 8x-768654 | 11 | 24 | 60 | 30 | 25 | 13 | 18 | 18 | 61 | 11 | 91 | 61 |

OVERPAYMENT OF PREM.
*****X.XX

NET OVERPAYMENT
FOR WHICH A
CHECK IS ENCLOSED

THIS CERTIFICATE SHOULD BE
ATTACHED TO THE POLICY
IT DESCRIBES

THIS IS TO CERTIFY THAT THE POLICY DESCRIBED
ABOVE IS NOW PAID-UP FOR LIFE AND NO MORE
PREMIUMS WILL BE DUE.

LIBERTY NATIONAL LIFE INSURANCE CO.

Joseph H. Reault
SECRETARY

• SEE REVERSE SIDE •

H



LIBERTY NATIONAL
LIFE INSURANCE COMPANY
Birmingham, Alabama

ACCIDENT POLICY

BENEFIT FOR DEATH BY ACCIDENTAL MEANS

BENEFIT FOR DEATH BY AUTOMOBILE ACCIDENT

BENEFIT FOR DEATH BY TRAVEL ACCIDENT

PREMIUMS PAYABLE UNTIL POLICY ANNIVERSARY IMMEDIATELY PRECEDING INSURED'S 70TH BIRTHDAY

THIS POLICY IS NONCANCELLABLE AND GUARANTEED RENEWABLE UNTIL THE POLICY ANNIVERSARY IMMEDIATELY PRECEDING INSURED'S 70TH BIRTHDAY

NONPARTICIPATING INDUSTRIAL POLICY

-44-07



| SCHEDULE | | | | FORM 590/890 |
|---|---|---|---|---|
| POLICY NUMBER | NAME OF INSURED | | BENEFICIARY | |

| Month  Day  Year | | | | | Month  Day  Year | | |
|---|---|---|---|---|---|---|---|
| DATE OF ISSUE | AGE | PREMIUM | | AMOUNT OF INSURANCE | LAST PREMIUM PAYABLE | AGENCY | DISTRICT |

Amount of insurance benefits shown on page one.

DEC '99  10:59AM WATSON FEES JIMMERSON                    P.8/19



BURIAL POLICY

SERVICE of Alabama

IN INSURANCE COMPANY
BIRMINGHAM, ALA.

PREMIUM PAYABLE FOR 1 YEARS

READ YOUR POLICY

AUTHORIZED UNDERTAKER

F-8-55

DUPLICATE

## SCHEDULE

| NAME OF INSURED | | BENEFICIARY | | | | TYPE POLICY |
|---|---|---|---|---|---|---|
| WILLIAMS  NETA A | | WILLIAMS  FANNIE K | | | | F |

| POLICY NUMBER | MO. | DAY | YR. | AGE* | (CENTS) WEEKLY PREMIUM | RETAIL VALUE (ADULTS) | DIST. | DEBIT |
|---|---|---|---|---|---|---|---|---|
| 2341930 | 4 | 5 | 68 | 9 | $.16 | $300.00 | 36 | 20 |

DATE OF ISSUE

*INSURED'S AGE NEXT BIRTHDAY

F-6-55

## REGISTER OF CHANGE OF BENEFICIARY

NOTE—NO CHANGE, DESIGNATION OR DECLARATION, SHALL TAKE EFFECT UNTIL ENDORSED ON THIS POLICY BY THE COMPANY AT ITS HOME OFFICE.

| DATE ENDORSED | BENEFICIARY | ENDORSED BY |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Service Insurance Company of Alabama having discharged each and every obligation and liability set forth and stipulated herein, the undersigned beneficiary under this policy hereby surrenders the said policy and certifies that there is held against the said company no further claims hereunder.

_____        _____
WITNESS                                          BENEFICIARY

Dated at_____ this_____day of_____ 19____

OF '99 11:30AM WATSON FEES JEFFERSON                                    P.9/19

# SERVICE INSURANCE COMPANY of Alabama

Will upon receipt of satisfactory proof of the death of the Insured and the surrender of this Policy provide, subject to the terms and conditions of this Policy, a funeral for the Insured of the retail value shown in the schedule.

CONSIDERATION—This Policy is issued in consideration of payment in advance of the weekly premium stated in the schedule on the fourth page of this Policy on or before each Monday in every year during the lifetime of the Insured until premiums shall have been paid for fifteen years, or until prior death of the Insured. Provided, however, that if the Insured is 66 years of age or over, the Premium Paying Period shall be as follows:

Age at Date of Issue:

| | |
|---|---|
| Age 66 through age 70 | Premiums Payable for 12 Years |
| Age 71 through age 75 | Premiums Payable for 10 Years |
| Age 76 through age 80 | Premiums Payable for 8 Years |
| Age 81 through age 85 | Premiums Payable for 6 Years |
| Age 86 and over | Premiums Payable for 5 Years |

The amount on which reserve is maintained and computed under this Policy is 40% of the retail value stated in this Policy or the average wholesale cost to the Company of the funeral supplies, benefits and services furnished if the same is greater than 40% of such retail value. Reserves shall be computed on the basis of the 1941 Standard Industrial Table of Mortality, Modified Preliminary Term, Illinois Standard, and interest at 3¼% per annum.

ALTERATION AND WAIVERS—This Policy contains the entire agreement between the Company and the Insured. Its terms cannot be changed or its conditions varied, except by a written agreement, signed by the President or Secretary of the Company. No other person shall have the power to make or alter contracts, waive a forfeiture, or receive premiums on policies in arrears more than four weeks, or to receipt for the same, and all such arrears given to an agent or employee shall be at the risk of those who pay them and shall not be credited upon the Policy, whether receipted or not, except as set forth in the "Reinstatement" provision herein.

CONDITIONS AND PROVISIONS—This Policy is issued and accepted subject to all of the terms, conditions, provisions, schedules, registers and endorsements printed or written by the Company on this or the succeeding pages hereof, which are a part of this Policy as fully as if recited over the signatures hereto affixed.

PREMIUMS PAYABLE OTHER THAN WEEKLY—The premium stated in the schedule of this Policy is a Weekly Premium. However, if an Annual Premium (52 weeks) is paid in advance at one time, such Annual Premium shall be calculated by multiplying the stated Weekly Premium by 46.3. If a Semi-Annual Premium (26 weeks) is paid in advance at one time, such Semi-Annual Premium shall be calculated by multiplying the Weekly Premium stated by 24.7.

PREMIUM PAYING PERIOD—The premium paying period shall begin with the date of issue and continue until premiums shall have been paid for the period stated in the above paragraph headed "Consideration."

EFFECTIVE DATE—This Policy shall take effect on its date of issue, provided the Insured is then alive and in sound health, but not otherwise.

GRACE PERIOD—A grace period of four weeks shall be granted for the payment of every premium after the first during which time this Policy will remain in force subject to the terms hereof, but after the expiration of the said period of grace the Company's liability under this Policy shall cease except as to the Non-Forfeiture privileges herein contained.

REINSTATEMENT—If this Policy shall lapse for non-payment of premium, it may be reinstated upon written application of the Insured accompanied by this Policy within one year from the date to which premiums have been duly paid, upon payment of all arrears, provided evidence of insurability of the Insured, satisfactory to the Company, be furnished, and such reinstatement shall not be effective until the date on which approval thereof is endorsed by the Company on this Policy and unless the Insured is then alive and in sound health.

IN WITNESS WHEREOF, The Company has caused this Policy to be executed by its President and Secretary at its Home Office in Birmingham, Alabama, as of the date of issue appearing in the schedule on page four hereof.

[SEAL]    _S. L. Burleson_                    _Signature_
          SECRETARY                            PRESIDENT

BURIAL POLICY.
PREMIUMS PAYABLE 15 YEARS.

OF  3 '99  11:01AM WATSON FEES JIMMERSON                                    P.12/19

WHEREVER IN THIS POLICY THE WORDS "RETAIL VALUE" ARE USED REFERENCE IS THEREBY MADE
TO THE RETAIL PRICES OF THE COMPANY'S AUTHORIZED FUNERAL DIRECTORS.

(1)  The Company has contracted with and thereby appointed as an authorized funeral director the funeral director designated in this Policy and the Insured by the acceptance of this Policy confirms such appointment. Wherever the phrase "authorized funeral director" is used, it means a funeral director then under contract with this Company to furnish the merchandise and service at the time of the Insured's death.

(2)  The provisions of this Policy relating to the providing of funeral merchandise and the rendering of funeral services are to be fulfilled by the Company through an authorized funeral director only and are not to be construed as implying that such funeral merchandise and funeral service will be furnished by anyone except an authorized funeral director.

(3)  The authorized funeral director has contracted to keep on display at all times the funeral merchandise stipulated in and provided by this Policy and the selection of same may be made by the Insured hereunder, the beneficiary or by any other person having the authority.

(4)  BENEFITS WHERE DEATH OCCURS WITHIN THIRTY-FIVE MILES OF AN AUTHORIZED FUNERAL DIRECTOR.

If death occurs within thirty-five miles of an authorized funeral director the Company will through the facilities and in the manner referred to above, provide a funeral for the Insured of the retail value stipulated herein consisting of a casket, merchandise, and services as follows:

(A)  If the Insured is twelve years of age or older at death, a funeral of the retail value of $300, and if the Insured is under the age of twelve years at death, a funeral of the retail value proportionate to the age of the deceased insured;

(B)  A place where funeral, memorial, or other services may be held and such assistance as is proper in conducting the funeral; such services to be conducted either at the church, funeral parlor, home of the deceased, or other place designated by the beneficiary or other person having the authority;

(C)  Embalming of body, suit or dress, use of one family car, and hearse service for the body to the cemetery, if desired, provided burial is within thirty-five (35) miles of place of death, or, if burial is not desired within the said thirty-five (35) miles the Company will convey the body to the depot and pay actual railway transportation thereon to any point within the United States;

(D)  In the event the body is shipped to a point served by an authorized funeral director the Company will through such authorized funeral director furnish hearse service for a distance not to exceed thirty-five (35) miles from such point.

If the services of the authorized funeral director are not used, then the sole liability of the Company is limited to the furnishing through its authorized funeral director of the casket stipulated above in this Paragraph No. (4).

The Company will through the facilities and in the manner referred to above provide for a stillborn child, or a child under the age of four weeks, who dies within thirty-five (35) miles of an authorized funeral director a casket of the retail value of $15 provided both parents are insured under burial policies with the Company and that such policies are in full force and effect at the date of such birth or death.

(5)  BENEFITS WHERE DEATH OCCURS MORE THAN THIRTY-FIVE MILES FROM AN AUTHORIZED FUNERAL DIRECTOR.

If the death of the Insured occurs more than thirty-five (35) miles from an authorized funeral director, the Company will, in lieu of the benefits set out in Paragraph No. (4) and upon receipt of due proof of the death of the Insured, pay at its Home Office in Birmingham, Alabama, to the beneficiary named herein or to the person making arrangements for and becoming obligated to pay the burial expenses of the deceased Insured, the sum of $137.50 in cash if the Insured is over one year of age, and if the Insured is under the age of one year, the sum of $68.75 in cash.

(6)  POLICY CONTROL—If the Insured hereunder is a minor, during the minority of such Insured, the right to change the beneficiary and exercise all of the rights of ownership under this Policy shall be vested in the beneficiary named herein from time to time; or if such beneficiary dies before the Insured, then such rights shall be vested in the surviving parent of the Insured, or in the legal guardian of the Insured, or in any adult having the custody and control of said minor. After the Insured becomes of age, the entire ownership and control of this Policy, shall be vested in the Insured.

(7)  CHANGE OF BENEFICIARY—The beneficiary under this Policy may be changed from time to time by the person entitled to exercise the Policy Control. Such change shall become operative only when this Policy, accompanied by such form of request as the Company may require, has been surrendered to the Company at its Home Office and the Company has endorsed the change of beneficiary on this Policy.

(8)  PAYMENT OF PREMIUM—All premiums are payable at the Home Office of the Company weekly in advance, but may be paid to an authorized representative of the Company, provided that such payment must be entered at the time in the premium receipt book belonging with this Policy. The failure of the collector to call for the premium on the Policy will not be an excuse for non-payment as the Insured will then be required to pay the premium at a Branch Office of the Company or remit the same to the Home Office.

(9)  ASSIGNMENT—Neither this Policy, nor any benefit hereunder can be assigned.

(10)  NON-FORFEITURE BENEFITS

Extended Insurance—In the event this Policy lapses after premiums have been paid for the respective periods shown in the table below this Policy shall be automatically continued in force as Extended Insurance for the number of months specified in such table and from the due date of the first premium in default.

Cash Surrender Value—After this Policy has been in force with premiums paid for the respective periods shown in the table below, the Insured may, by making written application and surrendering this Policy to the Company, obtain a Cash Surrender Value. If the application therefor is made within thirteen weeks of the due date of the first premium in default, the amount of such Cash Surrender Value shall be as set out in the table below; otherwise the amount shall be the equivalent of the reserve on the Extended Insurance at the date application therefor is made. The Company may defer the payment of any Cash Surrender Value for the period permitted by law, but not to exceed thirteen weeks from the date application therefor is received by the Company.

—8—

'99  11:22AM WATSON FEES JIMMERSON                                    P.11/19

## TABLE OF NON-FORFEITURE BENEFITS



# LIBERTY NATIONAL LIFE INSURANCE COMPANY
### BIRMINGHAM, ALABAMA

## PAID-UP POLICY CERTIFICATE

DATE 11 23 81

| NAME OF INSURED | TYPE | POLICY NO. | ISSUE DATE MO. DAY YR. | DISTRICT | AGENCY | AGE ISSUE | PREMIUM | DATE PAID TO MO. DAY YR. | PAYOUT DATE MO. DAY YR. |
|---|---|---|---|---|---|---|---|---|---|
| WILLIAMS NETA A | 330 | 147605855 | 11 24 69 | 36 | 26 13 | | 16 11 | 9 01 11 | 9 01 |

OVERPAYMENT OF TOTAL
**********.**

THIS IS TO CERTIFY THAT THE POLICY DESCRIBED ABOVE IS NOW PAID-UP FOR LIFE AND NO MORE PREMIUMS WILL BE DUE.

NET OVERPAYMENT FOR WHICH A CHECK IS ENCLOSED

LIBERTY NATIONAL LIFE INSURANCE CO.

SECRETARY

THIS CERTIFICATE SHOULD BE ATTACHED TO THE POLICY IT DESCRIBES    • SEE REVERSE SIDE •

MB 63-10-67

J



**SERVICE INSURANCE COMPANY** *of Alabama*
a Liberty National Life Insurance Co.
Birmingham, Alabama

**FUNERAL POLICY**

WEEKLY PREMIUMS PAYABLE FOR 12 YEARS

BENEFIT FOR ACCIDENTAL DEATH

NONPARTICIPATING INDUSTRIAL POLICY

## SCHEDULE

| NAME OF INSURED | BENEFICIARY | PREMIUMS PAYABLE | TYPE 330 |
|---|---|---|---|
| WILLIAMS NETA A | WILLIAMS FANNIE | W K | 3 3 0 |

| POLICY NUMBER | MO. DAY YR. DATE OF ISSUE | AGE LAST BIRTHDAY AT DATE OF ISSUE | (CENTS) WEEKLY PREMIUM | RETAIL VALUE* | DISTRICT | AGENCY |
|---|---|---|---|---|---|---|
| 1 4758555 | 11  24  69 | 1 3 | 0 1 8 | $300 | 7 1 2 | 1 5 |

*For death prior to age ten, the retail value is a reduced amount providing comparable benefits.

## REGISTER OF CHANGE OF BENEFICIARY

NOTE—NO CHANGE, DESIGNATION OR DECLARATION, SHALL TAKE EFFECT UNTIL ENDORSED ON THIS POLICY BY THE COMPANY AT ITS HOME OFFICE.

| DATE ENDORSED | BENEFICIARY | ENDORSED BY |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Service Insurance Company of Alabama, Division of Liberty National Life Insurance Company, having discharged each and every obligation and liability set forth and stipulated herein, the undersigned beneficiary under this policy hereby surrenders the said policy and certifies that there is held against the said company no further claims hereunder.

_____        _____
WITNESS                                          BENEFICIARY

Dated at_____this_____day of_____19_____

8 '99  11:26AM WATSON FEES JIMMERSON                                    P.15/19

# SERVICE INSURANCE COMPANY
## *of Alabama*

### DIVISION OF LIBERTY NATIONAL LIFE INSURANCE COMPANY

**INSURANCE AGREEMENT**—Subject to the terms and conditions of this policy we insure your life for the purpose of providing at your death the funeral benefit described below. This insurance is effective on the date of issue shown in the schedule on Page 4 if you are in good health on that date and if premiums are paid as provided under "Premiums".

**AUTHORIZED FUNERAL DIRECTOR**—We have authorized various funeral directors throughout Alabama to furnish the funeral benefit provided by this policy, and such benefit is to be furnished only by an authorized funeral director. As used in this policy "Authorized Funeral Director" means a funeral director authorized by us at the time of your death. "Retail Value", as used in this policy, refers to the retail prices charged by authorized funeral directors. We will furnish you upon request the names and addresses of all authorized funeral directors.

**FUNERAL BENEFIT**—If your death occurs within the State of Alabama and within 35 miles of an authorized funeral director, we will provide for you, through an authorized funeral director, a funeral of the retail value of $300 (or in the event your death occurs prior to your tenth birthday, a funeral of a reduced retail value providing comparable benefits). The funeral shall include the following:

Casket and suit or dress.

Transportation of remains to funeral home (not to exceed 35 miles).

Embalming and preparation of remains.

Use of funeral parlor.

A place where the funeral service may be held.

Assistance in conducting the funeral service.

Use of funeral coach for transportation of remains to church, home, cemetery, railway station, or other point within 35 miles of funeral home.

Railway transportation of remains to any point within the continental United States (not including Alaska or Hawaii).

In the event remains are shipped to a point served by an authorized funeral director, funeral coach service by such funeral director for a distance not to exceed 35 miles from such point.

Neither we nor any authorized funeral director shall be liable for any expense in connection with merchandise or service furnished by anyone other than an authorized funeral director. If the services of an authorized funeral director are not used, our sole liability under this provision shall be to furnish the casket called for in this provision.

If at your death you are insured by the company under another burial policy providing for a funeral of the retail value of $250 or $300, we will in lieu of furnishing the funeral benefit specified in this policy and the other policy, furnish for you a funeral of the retail value of $600 including a metal casket.

**BENEFIT WHERE FUNERAL BENEFIT NOT AVAILABLE**—If your death occurs outside the State of Alabama or more than 35 miles from an authorized funeral director, we will pay a cash benefit of $150 ($75 if your death occurs before your first birthday) in lieu of the funeral benefit.

In such case payment may be made to the beneficiary, or to your executor or administrator, or to any relative of yours by blood or legal adoption or connection by marriage, or to any person appearing to us to be equitably entitled to payment by reason of having incurred expense for your maintenance, medical attention, or burial.

**PREMIUMS**—The consideration for this policy is the payment of the premiums when they are due, and no insurance will become effective until the first premium has been paid. The amount of the weekly premium is shown in the schedule on Page 4. This premium is due each Monday beginning with the date of issue and continuing for a period of twelve years. Premiums must be paid to one of our agents or to the cashier at one of our offices. If our agent does not call for any premium when it is due, payment of the premium is not excused, and in such case it is your responsibility to see that payment is made at one of our offices.

**GRACE PERIOD**—If any premium is not paid within 4 weeks of the date when it is due, this policy will lapse and cease to be in force except as provided under "Extended Insurance".

### FUNERAL POLICY
#### Weekly Premiums Payable for 12 Years
#### Benefit for Accidental Death

---

NONPARTICIPATING INDUSTRIAL POLICY

330—7-67—6300

ACCIDENTAL DEATH BENEFIT—Upon receipt at our Home Office of due proof that your death, prior to your 65th birthday, resulted from bodily injuries effected solely through external and accidental means and independently of all other causes and within 90 days from the date of such injuries while this policy was in full force and effect, we will, subject to the exclusions below, pay to your beneficiary an additional death benefit of $100 (or an additional death benefit of $50 in the event your accidental death occurs prior to your first birthday).

Exceptions—No benefit for accidental death will be payable: (1) if death occurs while this policy is being continued in force as extended insurance; (2) if the injury or death is caused or contributed to by (a) self-destruction, whether sane or insane, (b) any disease, illness, or infirmity, (c) medical or surgical treatment, (d) participation in an assault or felony, (e) operating or riding in or descending from any kind of aircraft of which you were the pilot, officer, or member of the crew, or in which you were giving or receiving training or instruction or had any duties, or (f) war or act of war (including insurrection, undeclared war, and armed aggression or its resistance), whether or not you are in military service of any country or international organization.

LOSS OF EYESIGHT OR LIMBS—Upon receipt at our Home Office of due proof of the loss of your eyesight or the loss of two or more of your limbs, prior to your 65th birthday, we will endorse this policy to waive all future premiums as they become due. Loss of eyesight means the total and permanent loss of sight of both eyes. Loss of a limb means the loss of a hand or foot by severance. The insurance against loss of eyesight or limbs is subject to the following conditions and exceptions:

Conditions—(a) The loss must be caused solely by disease contracted or injuries sustained after the date of issue, and (b) due proof of the loss must be presented to us within two years from the date of the loss.

Exceptions—No insurance is provided against any loss of eyesight or limb which occurs while this policy is being continued in force as extended insurance or which results from (a) intentionally inflicted injury, whether sane or insane, or (b) war or act of war (including insurrection, undeclared war, and armed aggression or its resistance), whether or not you are in military service of any country or international organization.

RESERVE BASIS—The basis of reserves for this policy is the Commissioners 1961 Standard Industrial Mortality Table, Commissioners Reserve Valuation Method, with interest at 3½% per year. The amount on which the reserve is maintained and computed under this policy is 50% of the retail value stated in this policy or the average wholesale cost to the Company of the funeral supplies, benefits and services furnished if the same is greater than 50% of such retail value.

NONFORFEITURE BENEFITS—The two following paragraphs provide for extended insurance and cash values after premiums have been paid for the periods shown. These benefits are computed by the Standard Nonforfeiture Value Method using the Commissioners 1961 Standard Industrial Mortality Table with interest at 3½% per year, except that extended term benefits are calculated on the Commissioners 1961 Industrial Extended Term Table with interest at 3½% per year. The benefits shown are those available after premiums have been paid for the exact periods shown. If there is no indebtedness against this policy. The actual calculation of any benefit will take into account the payment of premiums for a portion of a year beyond the exact number of years shown. Benefits for years after those shown will be furnished upon request.

EXTENDED INSURANCE—If this policy should lapse after premiums have been paid for the period of time shown, and has not been surrendered for its Cash Value, the insurance on your life will be continued without further premium payments for the number of years and months shown in the table below. The extended insurance will begin on the date the first unpaid premium was due.

TERMS OF EXTENDED INSURANCE FOR EACH AGE AT ISSUE

| Age Last Birthday at Date of Issue | 1 YEAR | | 2 YEARS | | 3 YEARS | | 4 YEARS | | 5 YEARS | | 6 YEARS | | 7 YEARS | | 8 YEARS | | 9 YEARS | | 10 YEARS | | 11 YEARS | | 12 YEARS | | Age Last Birthday at Date of Issue |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | Yrs. | Mos. | |

**CASH VALUE**—After premiums have been paid for three years this policy will have a cash value. You may receive this value by making written application for it and surrendering this policy to us for cancellation. If this is done while no premium is more than 13 weeks past due, the cash value will be the amount shown in the table below. Otherwise it will be the net single premium for the remaining unexpired extended insurance. We reserve the right to defer payment of the cash value for a period of six months.

**CASH VALUES FOR EACH AGE AT ISSUE**

| Age Last Birthday at Date of Issue | PREMIUMS PAID FOR | | | | | | | | | | Age Last Birthday at Date of Issue |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3 YEARS | 4 YEARS | 5 YEARS | 6 YEARS | 7 YEARS | 8 YEARS | 9 YEARS | 10 YEARS | 11 YEARS | 12 YEARS | |
| 0 | 1 | 4 | 6 | 9 | 12 | 15 | 18 | 22 | 24 | 27 | 0 |
| 1 | 3 | 5 | 5 | 10 | 13 | 16 | 18 | 21 | 25 | 28 | 1 |
| 2 | 3 | 5 | [illegible] | 11 | 13 | 16 | 19 | 22 | 25 | 28 | 2 |
| 3 | 3 | 5 | [illegible] | 11 | 14 | 17 | 20 | 22 | 26 | 29 | 3 |
| 4 | 3 | 6 | 9 | 11 | 14 | 17 | 20 | 23 | 27 | 30 | 4 |
| 5 | 4 | 6 | 9 | 12 | 15 | 18 | 21 | 24 | 27 | 31 | 5 |
| 6 | 4 | 6 | 9 | 12 | 15 | 18 | 21 | 25 | 28 | 32 | 6 |
| 7 | 4 | 7 | 10 | 13 | 16 | 19 | 22 | 26 | 29 | 33 | 7 |
| 8 | 4 | 7 | 10 | 13 | 16 | 19 | 23 | 26 | 30 | 34 | 8 |
| 9 | 4 | 7 | 10 | 13 | 17 | 20 | 23 | 27 | 31 | 34 | 9 |
| 10 | 4 | 7 | 11 | 14 | 17 | 21 | 24 | 28 | 31 | 35 | 10 |
| 11 | 5 | 8 | 11 | 14 | 18 | 21 | 25 | 28 | 32 | 36 | 11 |
| 12 | 5 | 8 | 11 | 15 | 18 | 22 | 25 | 29 | 33 | 37 | 12 |
| 13 | 5 | 8 | 12 | 15 | 19 | 22 | 26 | 30 | 34 | 38 | 13 |
| 14 | 5 | 8 | 12 | 15 | 19 | 23 | 27 | 31 | 35 | 40 | 14 |
| 15 | 5 | 9 | 12 | 15 | 20 | 24 | 28 | 32 | 36 | 41 | 15 |
| 16 | 6 | 9 | 13 | 16 | 20 | 24 | 28 | 33 | 37 | 42 | 16 |
| 17 | 6 | 9 | 13 | 17 | 21 | 25 | 29 | 34 | 38 | 43 | 17 |
| 18 | 6 | 10 | 13 | 17 | 21 | 26 | 30 | 35 | 39 | 44 | 18 |
| 19 | 6 | 10 | 14 | 18 | 22 | 26 | 31 | 36 | 40 | 45 | 19 |
| 20 | 6 | 10 | 14 | 18 | 23 | 27 | 32 | 37 | 42 | 47 | 20 |
| 21 | 7 | 11 | 15 | 19 | 23 | 28 | 33 | 38 | 43 | 48 | 21 |
| 22 | 7 | 11 | 15 | 20 | 24 | 29 | 34 | 39 | 44 | 49 | 22 |
| 23 | 7 | 11 | 16 | 20 | 25 | 30 | 35 | 40 | 45 | 51 | 23 |
| 24 | 7 | 12 | 16 | 21 | 26 | 31 | 36 | 41 | 46 | 52 | 24 |
| 25 | 8 | 12 | 17 | 21 | 26 | 31 | 37 | 42 | 48 | 54 | 25 |
| 26 | 8 | 13 | 17 | 22 | 27 | 32 | 38 | 43 | 49 | 55 | 26 |
| 27 | 8 | 13 | 18 | 23 | 28 | 33 | 39 | 45 | 50 | 57 | 27 |
| 28 | 9 | 13 | 18 | 23 | 29 | 34 | 40 | 46 | 52 | 58 | 28 |
| 29 | 9 | 14 | 19 | 24 | 30 | 35 | 41 | 47 | 53 | 60 | 29 |
| 30 | 9 | 14 | 19 | 25 | 30 | 36 | 42 | 48 | 55 | 61 | 30 |
| 31 | 9 | 15 | 20 | 25 | 31 | 37 | 43 | 49 | 56 | 63 | 31 |
| 32 | 10 | 15 | 21 | 26 | 32 | 38 | 44 | 51 | 57 | 64 | 32 |
| 33 | 10 | 15 | 21 | 27 | 33 | 39 | 45 | 52 | 59 | 66 | 33 |
| 34 | 10 | 16 | 22 | 28 | 34 | 40 | 47 | 53 | 60 | 68 | 34 |
| 35 | 11 | 16 | 22 | 28 | 35 | 41 | 48 | 55 | 62 | 69 | 35 |
| 36 | 11 | 17 | 23 | 29 | 35 | 42 | 49 | 56 | 63 | 71 | 36 |
| 37 | 11 | 17 | 23 | 30 | 36 | 43 | 50 | 57 | 64 | 73 | 37 |
| 38 | 12 | 18 | 24 | 30 | 37 | 44 | 51 | 59 | 66 | 74 | 38 |
| 39 | 12 | 18 | 25 | 31 | 38 | 45 | 52 | 60 | 68 | 76 | 39 |
| 40 | 12 | 19 | 25 | 32 | 39 | 46 | 54 | 61 | 69 | 78 | 40 |
| 41 | 13 | 19 | 26 | 33 | 40 | 47 | 55 | 63 | 71 | 79 | 41 |
| 42 | 13 | 20 | 26 | 33 | 41 | 48 | 56 | 64 | 72 | 81 | 42 |
| 43 | 13 | 20 | 27 | 34 | 42 | 49 | 57 | 65 | 74 | 83 | 43 |
| 44 | 14 | 20 | 28 | 35 | 42 | 50 | 58 | 67 | 76 | 85 | 44 |
| 45 | 14 | 21 | 28 | 36 | 43 | 51 | 60 | 68 | 77 | 87 | 45 |
| 46 | 14 | 21 | 29 | 36 | 44 | 52 | 61 | 70 | 79 | 88 | 46 |
| 47 | 15 | 22 | 29 | 37 | 45 | 53 | 62 | 71 | 80 | 90 | 47 |
| 48 | 15 | 22 | 30 | 38 | 46 | 54 | 63 | 72 | 82 | 92 | 48 |
| 49 | 15 | 23 | 30 | 38 | 47 | 55 | 64 | 74 | 83 | 94 | 49 |
| 50 | 15 | 23 | 31 | 39 | 48 | 56 | 66 | 75 | 85 | 96 | 50 |
| 51 | 16 | 23 | 32 | 40 | 48 | 57 | 67 | 76 | 87 | 97 | 51 |
| 52 | 16 | 24 | 32 | 40 | 49 | 58 | 68 | 78 | 88 | 99 | 52 |
| 53 | 16 | 24 | 33 | 41 | 50 | 59 | 69 | 79 | 90 | 101 | 53 |
| 54 | 17 | 25 | 33 | 42 | 51 | 60 | 70 | 80 | 91 | 103 | 54 |
| 55 | 17 | 25 | 34 | 43 | 52 | 61 | 71 | 82 | 93 | 104 | 55 |
| 56 | 17 | 26 | 34 | 43 | 52 | 62 | 72 | 83 | 94 | 106 | 56 |
| 57 | 18 | 26 | 35 | 44 | 53 | 63 | 73 | 84 | 96 | 108 | 57 |
| 58 | 18 | 26 | 35 | 44 | 54 | 64 | 74 | 85 | 97 | 110 | 58 |
| 59 | 18 | 27 | 36 | 45 | 55 | 65 | 75 | 86 | 98 | 111 | 59 |
| 60 | 18 | 27 | 36 | 45 | 55 | 65 | 76 | 87 | 100 | 113 | 60 |
| 61 | 19 | 27 | 36 | 46 | 56 | 66 | 77 | 88 | 101 | 114 | 61 |
| 62 | 19 | 27 | 37 | 46 | 56 | 67 | 78 | 89 | 102 | 116 | 62 |
| 63 | 19 | 27 | 37 | 47 | 57 | 67 | 78 | 90 | 103 | 118 | 63 |
| 64 | 19 | 27 | 37 | 47 | 57 | 68 | 79 | 91 | 104 | 119 | 64 |
| 65 | 19 | 27 | 37 | 47 | 57 | 68 | 79 | 92 | 105 | 121 | 65 |

**BENEFICIARY**—The beneficiary of this policy is named in the schedule on Page 4. The beneficiary may be changed at any time by giving us written notice of the desired change and evidence satisfactory to us that the proposed beneficiary has an insurable interest in your life. No change will be effective until we have endorsed it on this policy.

**REINSTATEMENT**—If this policy should lapse, you may reinstate it at any time within three years provided you have not surrendered it for its cash value. In order to do this you must pay all past due premiums and furnish evidence satisfactory to us that you are insurable. If this policy should be reinstated after having lapsed, no benefit will be payable for any loss which occurred while the policy was not in force.

**WAR OR NATIONAL EMERGENCY**—If during time of war or other national emergency, the United States Government restricts or allocates the use of steel and it consequently becomes impracticable for the Company to furnish the metal casket provided by combining this policy with another policy providing for a funeral of the retail value of $250 or $300, the Company will furnish, in lieu thereof, such other casket of comparable retail value as the beneficiary or other person having proper authority, may select from the stock of an authorized funeral director of the Company.

**ASSIGNMENT**—You may not assign this policy or any of its benefits.

**POLICY CONTROL**—If you are over 18 years of age, you have the entire ownership and control of this policy. If you are under 18 years of age, the entire ownership and control of this policy shall be vested in the beneficiary named herein from time to time until you reach your 18th birthday. If the beneficiary having ownership and control of this policy should die before you, then the ownership and control of the policy, if you are under 18 years of age, shall be vested in your surviving parent or your legal guardian or in any adult person having custody and control of you as may be reasonably determined by us. Ownership and control of this policy includes the right to change the beneficiary and to exercise all other privileges provided in this policy.

**MEANING OF PRONOUNS**—Unless clearly contrary to the context, wherever used in this policy, the words "We," "Our" or "Company" shall mean Service Insurance Company of Alabama, Division of Liberty National Life Insurance Company; and "You" or "Your" shall mean the Insured named in the schedule on Page 4.

**ENTIRE CONTRACT**—This policy is the entire contract between us. None of its provisions may be waived or changed except by written endorsement on this policy signed by the President, a Vice-President, an Assistant Vice-President, the Secretary, or an Assistant Secretary of the Company.

*Signed at Birmingham, Alabama, by the President and Secretary of Service Insurance Company of Alabama, Division of Liberty National Life Insurance Company, as of the date of issue shown in the schedule on Page 4.*

J. L. Burleson
SECRETARY

[signature]
PRESIDENT

330—7-67—5200

K

DEC 08 '99  11:09AM WA    FEES JIMMERSON





IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELLEN GAYLE MOORE, FANNIE     )
McCONNELL, SPENCER WILLIAMS,   )
and ANITA BOWERS, on Behalf of    )
themselves and all Others Similarly    )
Situated,                                )
                                     )
         Plaintiff,          )     Civ.No.:
                                   )
vs.                               )     CLASS ACTION
                                 )
LIBERTY NATIONAL INSURANCE    )
COMPANY,                    )
                                 )
        Defendant.       )

## REQUEST FOR SERVICE BY
## <u>CERTIFIED MAIL</u>

Please serve the defendants Liberty National Insurance Company, by certified mail pursuant to Alabama Rules of Civil Procedure 4.1 and Federal Rules of Civil Procedure 4(c)(2)(C)(i).

Joe Whatley, Esq.
Charlene P. Cullen, Esq.
Whatley Drake, L.L.C.
1100 Financial Center
505 20th Street North
Birmingham, AL 35203
Office: (205) 328-9576
Fax: (205) 328-9669

Herman Watson, Esq.
Rebekah Keith, Esq.
Watson Jimmerson, P.C.
200 Clinton Avenue West, Suite 800
Post Office Box 46
Huntsville, AL  35804
Office: (256) 536-7423
Fax: (256) 536-2689

Melvyn I. Weiss, Esq.
Milberg, Weiss, Bershad, Hynes
      & Lerach, L.L.P.
One Pennsylvania Plaza
New York, NY  10119-0165
Office: (212) 594-5300
Fax: (212) 868-1229

John J. Stoia, Jr., Esq.
Milberg, Weiss, Bershad, Hynes
      & Lerach, L.L.P.
600 West Broadway
Suite 1800
San Diego, California  92101-5050
Office: (619) 231-1058
Fax: (619) 231-7423

W. Christian Hoyer, Esq.
Christa L. Collins, Esq.
James Hoyer Newcomer Forizs
      & Smiljanich, P.A.
One Urban Center, Suite 147
4830 West Kennedy Boulevard
Tampa, FL  33609
Office: (813) 286-4100
Fax: (813) 286-4174

Andrew S. Friedman, Esq.
Bonnett, Fairbourn, Friedman
      & Balint, P.C.
4041 North Central Avenue
Suite 1100
Phoenix, AZ  85012-3311
Office: (602) 274-1100
Fax: (602) 274-1199

Ron Parry, Esq.
Arnzen, Parrry & Wentz, P.S.C.
128 East Second Street
Post Office Box 472
Covington, KY  41012-0472
Office: (606) 431-6100
Fax: (606) 431-2211