RECEIVED
     28  A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOHNNIE HATCHETT, et al., | ) |
|                          | ) |
|        Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   CIVIL ACTION NO. 2:05-cv-529-T |
| LIBERTY NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|      Defendant. | ) |

## LIBERTY NATIONAL'S BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER

The claims of the 100 individual Plaintiffs in this lawsuit are virtually identical to those already asserted in a putative nationwide class action against Defendant Liberty National Life Insurance Company that has been pending in the Northern District of Alabama for six years. For purposes of consolidation with that class action, eight individual cases and one class action already have been transferred to the Northern District of Alabama. There are currently nineteen similar cases consolidated in the Northern District as *In re Liberty National Insurance Cases* (2:02-cv-2741-UWC). For purposes of judicial economy and for the convenience of the parties and witnesses, Liberty National respectfully requests this Court to transfer this action to the Northern District of Alabama, where the identical claims are already being adjudicated in a consolidated manner.

### STATEMENT OF THE CASE

The Plaintiffs' Complaint alleges the same claims as those in *Moore v. Liberty National Life Insurance Company*, CV-99-C-3262-S (Clemon, C.J.) filed in the Northern District of Alabama in December 1999. In fact, the Plaintiffs' Complaint includes claims that are nearly

1

identical to those in the *Moore* action. Both complaints set forth claims based upon substantially similar allegations that Liberty National intentionally discriminated against Plaintiffs by charging them higher premiums than those charged to similarly situated Caucasian policyholders. *Compare* Compl. *with* Third Am. Complaint filed in *Moore v. Liberty National Life Ins. Co.*, CV-99-C-3262-S (N.D. Ala) ("Moore Third Amended Complaint," attached as Ex. D to A. McWhorter Aff.). While the *Moore* Third Amended Complaint asserts the claims on behalf of a nationwide class, the Plaintiffs' Complaint asserts individual causes of action, setting forth similar allegations of a fraudulent scheme and course of conduct involving racial discrimination relating to the marketing, sale, and administration of insurance policies.

In addition to the *Moore* putative class action, eighteen other related cases already are pending before Judge Clemon in the Northern District of Alabama. The majority of those cases were originally filed in the Middle or Southern Districts of Alabama and transferred to the Northern District of Alabama on motion of one of the parties. *See* Order dated March 19, 2002 in *Brown v. Liberty Nat'l Life Ins. Co.*, CV-02-T-232-E (Thompson, J., ordering transfer); Order dated March 18, 2002 in *Hudson v. Liberty Nat'l Life Ins. Co.*, CV-02-D-233-N (DeMent, J., ordering transfer); Order dated March 18, 2002 in *Williams v. Liberty Nat'l Life Ins. Co.*, CV-02-T-231-E (Thompson, J., ordering transfer); Order dated April 8, 2002 in *Gray v. Liberty Nat'l Life Ins. Co.*, CV-02-M-265-N (McPherson, J., ordering transfer); Order dated April 11, 2002 in *Betton v. Liberty Nat'l Life Ins. Co.*, CV-02-0140-CG-M, (Granade, J. ordering transfer); Order dated August 20, 2003, in *Bass v. Liberty Nat'l Life Ins. Co.*, CV-03-S-574-N, (Albritton, J., ordering transfer), (attached to Motion as collective Ex. 3). The District of South Carolina transferred a class action nearly identical to *Moore* to the Northern District of Alabama. *See* February 12, 2002 Order in *Robinson v. Liberty Nat'l Ins. Co.*, D.S.C. Case No. 3:01-807-19

(ordering transfer after a 31-day stay), attached to Motion as Ex. 2. Additionally, the Northern District of Georgia transferred two substantially similar cases. *See* Order dated June 18, 2002 in *Morgan v. Liberty National Life Insurance Co.*, N.D. GA Case No. 02-CV-83HLM and Order dated June 20, 2002 in *Arnold v. Liberty National Life Insurance Co.*, N.D. GA Case No. 02-CV-0991 (attached to Motion as collective Ex. 4). The remaining cases are individual actions originally filed in, or removed to, the Northern District of Alabama alleging substantially identical claims to those in the instant case.

Because of the substantial identity in legal and factual issues among these cases, all of these cases have been consolidated with *Moore*. *See* Ex. E to McWhorter Aff. For the purpose of management of the consolidated cases, these cases are all maintained under master docket and case file (2:02-cv-2741-UWC) with the caption: "In re Liberty National Insurance Cases." *See* Ex. F to McWhorter Aff.

The most significant difference between the *Moore* litigation and the other similar cases, including the instant one, is the date they were filed. Since December 1999, the *Moore* court and the parties have expended enormous amounts of time and resources in the *Moore* action developing the legal and factual issues presented by this litigation. For instance, Liberty National's motion for judgment on the pleadings resulted in a published opinion by Judge Buttram (*Moore v. Liberty Nat'l Ins. Co.*, 108 F. Supp. 2d 1266 (N.D. Ala. 2000)), an interlocutory appeal to the Eleventh Circuit, and a published opinion by the Eleventh Circuit (*Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209 (11th Cir. 2001)). Following reassignment of the case to Judge Bowdre, the court held a hearing on and denied Liberty National's motion to strike the class action allegations. *Moore* and the consolidated cases are now pending before Chief Judge Clemon. Briefing on class certification issues has been completed and the class

3

certification hearing was held in September 2003.  Judge Clemon has certified a class and set a trial for December 2005.  According to the *In re Liberty National Insurance Cases* Case Management Order, all documents produced to counsel in *Moore* are to be made available to plaintiffs' counsel in the consolidated cases.  *See* Ex. F to McWhorter Aff.  No justification exists for duplicating any of these efforts in multiple forums unnecessarily.

## ARGUMENT

Allowing the Plaintiffs' lawsuit to proceed in this Court would involve a multiplicity of litigation and a waste of time, money, and judicial resources.  Liberty National therefore asks this Court to transfer the case to the Northern District of Alabama, where a class action involving identical claims was filed over five years ago and where a second class action and seventeen other individual actions are pending.  These cases are already being managed jointly as *In re Liberty National Insurance* Cases, 2:02-cv-2741-UWC.  Such a transfer would serve the convenience of the parties and the witnesses to this dispute as well as the interest of justice.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  This type of copy-cat litigation is precisely the kind of duplicative litigation in multiple courts that § 1404(a) was enacted to prevent.

A.    **The Pendency Of A Class Action Relating To Identical Claims Justifies Transfer Of This Case In The Interest Of Justice.**

The pendency of the *Moore* class action in the Northern District of Alabama "weighs heavily in favor of transfer" to promote judicial efficiency.  *See River Road Int'l, L.P. v. Josephthal Lyon & Ross Inc.*, 871 F. Supp. 210, 214 (S.D.N.Y. 1995).  Allowing two actions

4

involving similar legal and factual issues to proceed simultaneously creates an undesirable race to judgment between the cases. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that [28 U.S.C.] § 1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960). Recognizing these concerns, when evaluating a § 1404(a) motion, courts consider the pendency of a prior case involving similar issues in the transferee district a powerful reason to change the venue in the interests of justice. *See generally* 17 MOORE'S FEDERAL PRACTICE § 111.13[l][o] (3d ed. 2001) (collecting cases holding that the pendency of a related action in the transferee forum is an important consideration favoring transfer). *See also* 15 WRIGHT, MILLER & COOPER § 3854, at 442 & n.5 (same).

The strong policy favoring litigation of related claims in the same tribunal exists to promote efficiency in the discovery process, to save time and expense for parties and witnesses who would be involved in duplicitous litigation, and to avoid inconsistent results. *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2nd Cir. 1968). For these reasons, "[a]s a general proposition, cases should be transferred to districts where related actions are pending." *SEC v. First Nat'l Fin. Corp.*, 392 F. Supp. 239, 241 (N.D. Ill. 1975). *See also, A.J. Indus., Inc. v. United States District Court for the Central District of California*, 503 F.2d 384, 389 (9th Cir. 1974); *Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) (finding that the pendency of a related action in the transferee district tilts the balance in favor of transfer despite relatively even arguments on the convenience of parties); *Schneider v. Sears*, 265 F. Supp. 257, 266-67 (S.D.N.Y. 1967).

**B.     The Likelihood Of Consolidation With *Moore* As Part Of *In Re Liberty National Insurance Cases* Weighs Heavily In Favor Of Transfer.**

The existence of a related action in the transferee district weighs most heavily in favor of transfer when the related cases are likely to be consolidated. *See Brown v. Connecticut Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). *See also, A.J. Indus.,* 503 F.2d at 389 (citing *Dusen v. Barrack*, 376 U.S. 612 (1964)).     Plaintiffs' action, like the eighteen other similar ones consolidated in the Northern District of Alabama, involves the same issues of law and fact at issue in the *Moore* action, which makes consolidation proper.  *See* Fed. R. Civ. P.  42. Recognizing the propriety of consolidation, eighteen virtually identical individual cases already have been consolidated with *Moore* and a master case file and Case Management Order have been established to coordinate litigation of these matters.  *See* Exs. E and F to McWhorter Aff. Accordingly, transfer for purposes of consolidation is proper.  *See Brown*, 934 F.2d at 1197 (affirming transfer where it furthers the interest of allowing multiple cases to proceed in a single district to permit consolidation).[1]

**C.     The Convenience Of The Parties And Witnesses Also Favors A Transfer.**

In analyzing the convenience of the parties and witnesses under 28 U.S.C. § 1404(a), courts look to (1) the contact that the parties have with the alternate forums, (2) the location of the parties and witnesses, and (3) the location of documents related to the claims.  *See Brown*, 934 F.2d at 1197 & n.7.

---

[1]Moreover, even when consolidation for trial may not occur, transfer for purposes of consolidating discovery is warranted.  For example, in *River Road*, the plaintiffs argued that transferring individual claims to the district in which a class action had been filed was improper because the plaintiffs intended to opt out of the action. *See River Road Int'l, L.P. v. Josephthal Lyon & Ross Inc.*, 871 F. Supp. 210, 214 (S.D.N.Y. 1995).  The court rejected this argument, ruling that transfer would still be justified to facilitate the coordination of discovery and to save the resources of the parties and the court even if consolidation became impossible.  *Id.* At the very least, consolidation of discovery is appropriate in the instant action, particularly in light of the document depository of Liberty National's production, in the Northern District consolidated actions.  Therefore, this Court should transfer this case to the Northern District of Alabama where that court may address the consolidation of the related litigation.

Liberty National's contacts with this forum are minimal as compared to its connection with the Northern District of Alabama. Liberty National is an Alabama corporation, which, since 1929, has maintained its headquarters and principal place of business in Birmingham, the seat of Alabama's Northern District. *See* McWhorter Aff. ¶ 2, attached as Ex. 1 to Motion. Moreover, Liberty National's witnesses concerning the claims at issue are located in its Birmingham headquarters. *See id.* ¶ 3.

Similarly, the vast majority of Liberty National's documentary evidence in this case would be found at its Birmingham headquarters. *See id.* ¶ 4. In addition, as evidenced by the discovery requests in the *Moore* litigation, the document production by Liberty National from its headquarters in Birmingham has already been voluminous. *Id.* ¶ 6 & Ex. G thereto. Because of the volume of records, counsel in the consolidated actions will have access to the documents produced in *Moore*. *Id.* ¶ 6 and Ex. F thereto. Therefore, the duplicative production of documents in multiple districts would be extraordinarily burdensome. *Id.* ¶ 6. Furthermore, it would be a waste of judicial resources to have multiple courts oversee parallel discovery, including the inevitable disputes that will arise over the production of documents. *See Moore* plaintiffs' discovery requests, attached to McWhorter Aff. as Ex. G. The propriety of transfer for these purposes were the basis of earlier transfer orders of Judges DeMent, Thompson, and McPherson, even before Judge Clemon created a master file in the Northern District.

Although it may be slightly less convenient for some Plaintiffs to participate in an action pending in the Northern District of Alabama as opposed to the Middle District, these concerns can be ameliorated easily, if necessary. For example, the District of South Carolina found that Liberty National's willingness to take the named plaintiffs' depositions in their home state, along with similar accommodations, was sufficient to conclude that the potential inconvenience of

7

participation in an out-of-state trial did not outweigh the other factors favoring transfer. *See Robinson v. Liberty National* Order, attached to Motion as Ex. 2. Accordingly, Liberty National would be willing to accommodate convenience concerns of the Court, if necessary.

Where, as here, the majority of documents and witnesses are located in the defendant's home offices and on balance the transferee district is more convenient, transfer to that district is warranted. *See, e.g., Continental Grain Co.*, 364 U.S. at 26. Moreover, the pendency of a related case in the transferee district tilts the balance in favor of transfer. *See Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974). Accordingly, under § 1404(a), transfer of the present case is proper.

## CONCLUSION

For these reasons, Liberty National asks the Court to transfer this case to the Northern District of Alabama where the consolidated *In re Liberty National Insurance* Cases are pending, including a previously pending, related class action and cases involving the same legal and factual issues.

Respectfully submitted,

_____

Robert J. Campbell (CAM059)
One of the Attorneys for Defendant
Liberty National Life Insurance Company

OF COUNSEL
Michael R. Pennington
Anne Marie Seibel
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

8

Scott B. Smith, Esq.
BRADLEY ARANT ROSE & WHITE LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200

William J. Baxley
William C. Barclift, III
Betsy P. Collins
BAXLEY, DILLARD, DAUPHIN & McKNIGHT
2008 3rd Avenue South
Birmingham, AL 35233
Telephone: (205) 271-1100
Facsimile: (205) 271-1108

Floyd D. Gaines
GAINES LLC
P.O. Box 395
Birmingham, AL 35203
Telephone: (205) 320-2812
Facsimile: (205) 320-2811

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles, Esq.
C. Gibson Vance, Esq.
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

by placing a copy of same in the United States Mail, first-class postage prepaid, on this 28th day of June, 2005.

_____
OF COUNSEL

9